UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Rayjon Matthew Willis,

        Defendant.

Criminal No. 22-153 (DWF/JFD)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Defendant Rayjon Matthew Willis's *pro se* motions for compassionate release and to appoint counsel. (Doc. No. 58.) The United States of America opposes the motions. (Doc. No. 64.) For the reasons discussed below, the Court respectfully denies Willis's motions for compassionate release and to appoint counsel.

## BACKGROUND

Willis was charged with being a felon in possession of a firearm. (Doc. No. 1.) He pleaded guilty to the charge on September 27, 2022. (Doc. No. 22.) This Court sentenced Willis to 180 months of imprisonment and a five-year term of supervised release on February 2, 2023. (Doc. No. 41.) Willis is currently incarcerated at Pekin FCI with an anticipated release date of April 17, 2035. Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited October 3, 2024). Willis moves for compassionate release on the grounds that his family circumstances require it.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover; (2) age-related deterioration, (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

2

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The record reflects that Willis sent a relief request to his warden, which was rejected on January 26, 2024, thus, more than thirty days from receipt have lapsed. (Doc. No. 58-1 at 1.) Accordingly, the Court finds Willis's motion ripe for review.

Willis moves for compassionate release because he wishes to care for his three minor children. (Doc. No. 58 at 1-2.) Two of his minor daughters, R.E.W. and J.R.W., have been placed in foster care due to their mother's inability to care for them. (*Id.* at 1; Doc. No. 58-1 at 38.) Willis's third daughter, A.W., currently lives with his mother who has heart problems. (Doc. No. 58 at 2.) Under the U.S. Sentencing Guidelines Policy Statement, family circumstances can qualify as extraordinary and compelling reasons when the defendant can establish "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G § 1B1.13(b)(3)(A).

The Policy Statement does not clarify whether foster care placement is an extraordinary and compelling reason justifying a defendant's release. However, courts have found that placement of a defendant's children in foster care is not an extraordinary and compelling circumstance. *See, e.g.*, *United States v. Clayton*, No. 18-cr-52, 2023 WL 4939380, at *4 (S.D. Miss. Aug. 2, 2023); *United States v. Altiery*, No. 13-cr-42, 2021 WL 5407671, at *6 (E.D. Tenn. Nov. 18, 2021). A defendant would need to show some deficiency in the foster care placement to be successful on this argument. *See United States v. Ingram*, No. 14-cv-303, 2020 WL 3104643, at *3 (D. Minn. June 11, 2020) ("While the Court recognizes Ingram's concern that his child is in foster care with a foster

3

mother who recently suffered from the COVID-19 virus, the record does not reflect that his child is at risk of harm or will not be cared for."); *United States v. Montgomery*, No. 17-cr-82, 2020 WL 6491653, at *2 (E.D. Ky. Nov. 4, 2020). Even if such placement could qualify as an extraordinary and compelling circumstance, the defendant must be a suitable caretaker and show that they would obtain custody of the children upon release. *See United States v. Dibley*, No. 18-cr-189, 2023 WL 7168774, at *2 (D. Minn. Oct. 31, 2023); *United States v. Ramos*, No. 12-cr-4101, 2021 WL 4507464, at *5 (N.D. Iowa Oct. 1, 2021); *Clayton*, 2023 WL 4939380, at *10; *United States v. Paul*, No. 18-cr-227, 2020 WL 5807343, at *1 (S.D. W. Va. Sept. 25, 2020).

The records provided by Willis indicate that R.E.W. and J.R.W. are "content and happy" in their current foster home placement and the foster parents are providing for the children's needs. (Doc. No. 58-1 at 34-35, 38, 41.) Moreover, even if the foster care placement was somehow deficient, Willis has not shown that he would be a suitable caregiver to R.E.W and J.R.W. or that he would be able to obtain custody upon release. Willis has stated that he would "contact CPS and the Family court lawyer about the process of getting [his] kids back in [his] care." (Doc. No. 58 at 3.) Willis has not done so to the Court's knowledge and provides no evidence of what that process would look like. Additionally, R.E.W and J.R.W's guardian ad litem expressed concerns over placement with Willis's mother. (Doc. No. 58-1 at 40-41.) Willis plans to stay with his mother upon release and this could be a barrier to receiving custody of his children.

Willis also has a history of violence that prevents him from being a suitable caregiver and would likely prevent him from obtaining custody of R.E.W. and J.R.W.

4

The record shows Willis has a history of violence, including domestic violence against R.E.W. and J.R.W.'s mother. (Doc. No. 29 ¶¶ 53,67.) It also appears his children witnessed some of these instances of domestic violence against their mother and one child was struck during one of the incidents. (*Id.*) Additionally, Willis was convicted of Criminal Vehicular Operation-Bodily Harm in Hennepin County for an incident of drunk driving where he crashed into a tree with one of his minor children in the car. (*Id.* ¶ 51.) While the county records indicate Willis has kept in more regular contact with his children recently, they do not reflect that he would be able to provide a suitable home for the children or that the county would consider giving him custody upon release. In sum, R.E.W. and J.R.W.'s placement in a foster home is not an extraordinary and compelling circumstance that warrants Willis's compassionate release.[1]

As for Willis's argument about caring for his daughter A.W., he has not shown the death or incapacitation of her current caregiver, his mother. While Willis states that his mother has heart problems, there is no evidence to support that those heart problems

---

[1] Willis has also indicated that his parental rights as to R.E.W. and J.R.W. may be terminated. (Doc. No. 58-1 at 2; Doc. No. 71 at 1.) While some courts have held that termination of parental rights is an extraordinary and compelling circumstance, the defendant still must show that they would be a suitable caretaker and would obtain custody of the child upon release. *See United States v. Pearson*, No. 16-cr-20601, 2022 WL 8090111, at *2 (E.D. Mich. Oct. 14, 2022); *United States v. Ray*, No. 19-cr-46, 2023 WL 3411024, at *3-4 (N.D. Ind. May 12, 2023). Because the Court found that Willis has not shown that he is a suitable caretaker or would obtain custody of R.E.W. and J.R.W. upon his release, this also does not serve as an extraordinary and compelling circumstance warranting compassionate release. Moreover, Willis's imprisonment cannot be the sole basis for the termination of his parental rights. *See In re Welfare of A.M.C.*, 920 N.W.2d 648, 662 (Minn. Ct. App. 2018) (explaining that imprisonment alone is not sufficient grounds for termination of parental rights).

impact her ability to care for A.W.  Therefore, he has not established extraordinary and compelling circumstances regarding A.W.[2]

Because the Court concludes that Willis has failed to show extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) sentencing factors or whether Willis poses a danger to the community.

Willis also moves for the appointment of counsel.  (Doc. No. 58 at 7.)  There is no constitutional right to counsel in postconviction proceedings beyond a defendant's first appeal of right.  *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Further, a defendant has no statutory right to counsel in postconviction proceedings seeking a sentence reduction.  *United States v. Farah*, No. 18-cr-114, 2022 WL 4585689, at *2 (D. Minn. Sept. 29, 2022) (citing *United States v. Meeks*, 971 F.3d 810, 833–34 (8th Cir. 2020)).  Whether to appoint counsel is left to the discretion of the Court.  *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).  At this time, Willis has not demonstrated that appointment of counsel is warranted.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] The Court commends Willis for his efforts to continue growing his relationship with his children.  In particular, the Court recognizes the letter it received from A.W.  (Doc. No. 68 at 3.)  Unfortunately, this is not a basis for compassionate release.

    1.    Defendant Rayjon Matthew Willis's motion to appoint counsel (Doc. No. [58]) is respectfully **DENIED**.

    2.    Defendant Rayjon Matthew Willis's motion for compassionate release from custody (Doc. No. [58]) is respectfully **DENIED**.

    3.    Defendant Rayjon Matthew Willis's motions for status check (Doc. Nos. [61], [71]) are **DENIED AS MOOT**.

    4.    Defendant Rayjon Matthew Willis's motion for ruling on prior motion to appoint counsel (Doc. No. [69]) is **DENIED AS MOOT**.

Dated: October 9, 2024                s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge