**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Criminal No. 22-153 (DWF/JFD)
Civil No. 25-733 (DWF)

Respondent-Plaintiff,

v.

**MEMORANDUM**
**OPINION AND ORDER**

Rayjon Matthew Willis,

Petitioner-Defendant.

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Rayjon Matthew Willis's

*pro se* motion to vacate under 28 U.S.C. § 2255.  (Doc. No. 75.)  The United States of

America (the "Government") opposes the motion.  (Doc. No. 87.)  For the reasons set

forth below, the Court denies the motion to vacate.

**BACKGROUND**

In June 2022, law enforcement received a tip that Willis, who had previous felony

convictions, possessed a handgun.  (Doc. No. 29 ¶ 7.)  Following the tip, Bureau of

Alcohol, Tobacco, and Firearms ("ATF") agents obtained and executed a search warrant

for Willis's apartment.  (*Id.* ¶ 9.)  During the search, the agents found a Ruger LCP

handgun, a drum magazine, an extended magazine, and a Ruger magazine containing six

rounds of ammunition.  (*Id.* ¶ 10.)  The agents also seized Willis's phone and later found

text messages between Willis and a friend, K.M., which indicated that K.M. purchased

the drum magazine for Willis.  (*Id.* ¶ 12.)  The agents later interviewed K.M. who stated

that she bought the drum magazine and an extended magazine for Willis and that Willis asked her to buy him a gun.  (*Id.* ¶ 14; Doc. No. 87-2.)

Willis was charged with being a felon in possession of a firearm on July 20, 2022. (Doc. No. 1.)  Robert A. Lengeling was appointed to serve as his counsel for the case. (Doc. No. 10.)  As part of the Government's discovery disclosures, Lengeling was given an audio recording of K.M.'s interview.  (Doc. No. 87 at 2; *see* Doc. No. 87-1 ¶ 11.)  In September 2022, Willis entered a guilty plea.  (Doc. Nos. 22, 23.)  Willis did not express any dissatisfaction with Lengeling's services until January 2023 when he filed a *pro se* motion for new counsel.  (*See* Doc. No. 35.)  In the motion, he expressed frustration with the frequency of his communications with Lengeling and Lengeling's characterization of K.M.'s interview.  (*Id.* at 3-4.)  After speaking with Lengeling, Willis withdrew his motion for new counsel at sentencing.  (*See* Doc. No. 40.)

On February 2, 2023, the Court sentenced Willis to 180 months in prison and five years of supervised release.  (Doc. No. 41.)  Willis is currently incarcerated at FCI Pekin with an anticipated release date of April 17, 2035.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 19, 2026).  Willis now moves to vacate his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, improper application of the Armed Career Criminal Act ("ACCA"), and that 18 U.S.C. § 922(g)(1) is unconstitutional.  (Doc. No. 75.)

**DISCUSSION**

**I.      Legal Standard**

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). A defendant may not use a § 2255 motion to relitigate issues that were raised and decided on a direct appeal unless there was an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Additionally, a defendant may not raise issues that could have been raised on direct appeal unless they can show cause and actual prejudice, or that they are actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

To establish an ineffective assistance of counsel claim, the defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Apfel*,

3

97 F.3d at 1076 (applying the *Strickland* standard to an ineffective assistance of counsel claim under § 2255).  Courts may address the prongs in any order and need not address both prongs if the defendant fails to meet their burden on one.  *Strickland*, 466 U.S. at 697.

On the first prong, courts "consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'"  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  Courts must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  On the second prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

## II.    Analysis

Willis makes five claims:  three ineffective assistance of counsel claims, one claim regarding the application of the ACCA, and one claim regarding the constitutionality of § 922(g)(1).  The Court addresses each claim in turn.

### A.    Ineffective Assistance of Counsel:  Audio Recording and Guilty Plea

Willis alleges that Lengeling lied about the potential impact of the K.M. interview at trial, which scared him into taking a plea deal.  (Doc. No. 75 at 1.)  Willis does not sufficiently allege deficient performance.  Lying about evidence or failing to share exculpatory evidence with a defendant would certainly constitute deficient performance,

but Lengeling's characterization of the K.M. interview was a fair characterization. The Court has reviewed the audio recording of K.M.'s interview with the ATF agents. During the interview, K.M. said she bought Willis a magazine and that he asked her to buy him a gun. Those statements could have been damaging for Willis at trial. Willis has not shown deficient performance, so this claim fails.

### B.    Ineffective Assistance of Counsel:  Lack of Communication

Willis alleges that there was a lack of communication by Lengeling. (*Id.*) Lengeling provided the Court with a summary of all communications between himself and Willis. (Doc. No. 87-1 ¶¶ 5-7.) Over the course of about six months, Lengeling met with Willis at least seven times via Zoom, at least three times in person, and spoke with him several times over the phone. (*Id.*) This is not deficient performance. Additionally, to the extent that Willis suggests Lengeling should have visited in-person more often rather than Zoom visits, he also fails to show deficient performance. During the fall of 2022, the Sherburne County Jail was limiting in-person attorney meetings due to COVID-19. (*See* Doc. No. 87 at 14-15; Doc. No. 87-1 ¶ 4.) Lengeling cannot be faulted for jail policies made in response to a public health emergency. Moreover, Willis has not shown any prejudice based on the alleged lack of communication or the method of communication. Willis's second claim fails.

### C.    Ineffective Assistance of Counsel:  Mental Health Evaluation

Willis alleges that Lengeling should have requested a mental health evaluation. (Doc. No. 75 at 1.) Although mental health evaluations are important and valuable for sentencing, there was substantial information about Willis's mental health in the record at

the time of sentencing.  (*See, e.g.*, Doc. No. 29 ¶¶ 91-96.)  Willis does not explain how an additional mental health evaluation would have changed the result of his sentencing.  The Court sentenced Willis to the mandatory minimum of 180 months.  Additional mental health information would not have changed that sentence as it was statutorily required and there is no mental health exception.  Willis fails to allege the prejudice prong, so his third claim fails.

### D.    ACCA Challenge

Willis argues that his prior domestic assault conviction should not have qualified as a predicate offense under the ACCA.  (Doc. No. 75 at 1.)  Willis litigated this issue on direct appeal.  On appeal, the Eighth Circuit found that this Court did not err in finding that Willis's prior convictions qualified as predicate offenses under the ACCA, even the domestic assault conviction.  *United States v. Willis*, No. 231343, 2023 WL 7274757, at *1 (8th Cir. Nov. 3, 2023) (per curiam).  Because this issue was addressed on direct appeal, Willis must show that there was an intervening change in the law or newly discovered evidence.  He failed to show either of these things, so this claim fails.

### E.    Constitutionality of 18 U.S.C. § 922(g)(1)

Willis alleges that 18 U.S.C. § 922(g)(1) violates his Second Amendment right to bear arms.  (Doc. No. 75 at 1.)  To start, this is an issue that could have been raised on direct appeal, but was not, so Willis needs to show cause and actual prejudice, or that he is actually innocent.  Willis makes no allegations regarding cause or prejudice and no claim that he is actually innocent.  Furthermore, the Eighth Circuit has found that § 922(g)(1) is constitutional under the Second Amendment standards announced in *New*

*York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).  *See United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024). Accordingly, Willis's fifth claim also fails.

In conclusion, Willis fails to meet the § 2255 standard on any of his claims, so the Court denies his motion to vacate.

## EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when:  (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Here, most of Willis's allegations, even if accepted as true, do not entitle him to relief because he failed to make allegations of other required elements.  All other allegations are conclusory or contradicted by the record.

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Here, no issue raised is debatable among reasonable jurists.  Therefore, no COA shall be issued.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner-Defendant Rayjon Matthew Willis's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [75]) is **DENIED**.

2.    No evidentiary hearing is required in this matter.

3.    No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 27, 2026                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge

8